**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ABIGAIL SMITH,

        Plaintiff,                    Case No.:

v.

WESTROCK SERVICES, LLC,

        Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, Abigail Smith, by and through the undersigned attorneys of record, and files this Complaint and Demand for Jury Trial against Defendant Smurfit Westrock, Inc., (hereinafter the "WestRock") and in support thereof states as follows:

**NATURE OF THE ACTION**

1.    This is an action for discrimination pursuant to Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII").

2.    This is an action for discrimination pursuant to the Florida Civil Rights Act (hereinafter "FCRA").

3.    This is an action for retaliation pursuant to Title VII.

4.    This is an action for retaliation pursuant to the FCRA.

5.    At all times relevant to this Complaint, Plaintiff has been an individual residing in Fernandina Beach, Nassau County, Florida, and subsequently in Kingsland, Georgia.

6.      At all times relevant to this Complaint, Plaintiff was an employee of Defendant WestRock Services, LLC.

7.      At all times relevant to this Complaint, Defendant was a Georgia limited liability company registered to do business in Florida and engaging in substantial business activities in Fernandina Beach, Nassau County, Florida.

8.      Defendant is an employer for purposes of Title VII, as the term is defined by 42 U.S.C. § 2000e(b)

9.      Defendant is an employer for purposes of the FCRA, as the term is defined by Florida Statutes section 760.02(7).

10.     Plaintiff is an employee for purposes of Title VII, as the term is defined by 42 U.S.C. § 2000e(f).

11.     Plaintiff is a person for purposes of the FCRA, as the term is defined by Florida Statutes section 760.02(6).

12.     Plaintiff is a person for purposes of Title VII, as the term is defined by 42 U.S.C. § 2000e(a).

13.     On January 4, 2024, Plaintiff filed her charge of discrimination with the Equal Employment Opportunity Commission (hereinafter the "EEOC") and the Florida Commission on Human Relations (hereinafter the "FCHR").

14.     On July 9, 2024, the EEOC provided Plaintiff with a right to sue notice.

15.     Suit is being filed with 90 days of Plaintiff's receipt of the right to sue notice.

16.     Pursuant to the EEOC and FCHR's worksharing agreement, the FCHR failed to make any determination regarding the merits of Plaintiff's claims within 180 days of Plaintiff's filing of her charge of discrimination.

17.     Plaintiff has exhausted all administrative prerequisites to filing suit.

18.     Jurisdiction over Plaintiff's Title VII claims is conferred upon this Court by 28 U.S.C. § 1331.

19.     This Court has supplemental jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1367.

20.     Venue exists in the Middle District of Florida, Jacksonville Division, pursuant to 29 U.S.C. § 1391(b), as all events pertinent hereto occurred in Nassau County, Florida.

## GENERAL ALLEGATIONS

21.     Plaintiff is female.

22.     Plaintiff was employed by Defendant as a Production Laborer until the time of her termination.

23.     At all times relevant, Plaintiff was qualified to perform her job as a Production Laborer and performed her job well.

24.     Shortly after being hired, Plaintiff engaged in a short-term romantic relationship with a coworker, Cory Lovitt.

25.     Plaintiff's relationship with Mr. Lovitt ended in approximately March 2023.

26.     Angered by the end of the relationship, Mr. Lovitt began to subject Plaintiff to harassment during his work hours as well as during Plaintiff's work hours.

27.     On multiple occasions, Mr. Lovitt left Defendant's workplace to drive by Plaintiff's home, where he would subject her to dozens of calls, voicemails, and text messages, calling her a "whore" and other obscene expletives referring to Plaintiff's sex.

28.     Mr. Lovitt harassed Plaintiff if there was a vehicle he did not recognize at her home, assuming she had a romantic partner at the home, and assumed that if she was away from the home, she was visiting a romantic interest.

29.     In the workplace, Mr. Lovitt commonly referred to Plaintiff as a "whore," "nasty whore bitch," "slut," and encouraged male coworkers to subject Plaintiff to similar comments.

30.     In the workplace, including in front of other employees, Mr. Lovitt frequently accused Plaintiff of having sex with multiple men.

31.     In the workplace, Mr. Lovitt told coworkers that he possessed pornographic videos and images of Plaintiff and threatened to share such images with coworkers.

32.     On at least one occasion, Mr. Lovitt called a male coworker's wife and falsely accused Plaintiff of engaging in a sexual relationship with that male coworker.

33.    Based on information and belief, Defendant was aware of the conduct to which Plaintiff was subjected in the workplace on the basis of her sex.

34.    As a Production Laborer, Plaintiff was required to stay on shift until she was relieved by the Production Laborer whose shift began immediately following hers.

35.    On August 29, 2023, Plaintiff's relief was Mr. Lovitt.

36.    Near the end of Plaintiff's shift and shortly before Mr. Lovitt was scheduled to relieve her, Mr. Lovitt advised Plaintiff that he did not want to come into work, while referring to Plaintiff as a "trash cunt."

37.    Plaintiff reported the incident as well as the history of harassment by Mr. Lovitt, to human resources.

38.    Defendant terminated Plaintiff's employment on September 8, 2023, less than two weeks following her complaints of discrimination and harassment, in retaliation for making her complaints.

39.    Defendant's proffered reason for terminating Plaintiff was that Plaintiff allegedly engaged in "behavior of directing profane language toward, and about, a co-worker" and because she allegedly "made offensive comments about her co-worker to other employees."

40.    Plaintiff did not engage in the alleged conduct.

41.    Furthermore, such alleged conduct is not only common in the workplace, but Plaintiff's male counterparts, including Mr. Lovitt, were not disciplined, let alone terminated, for engaging in such behavior.

## COUNT I: SEX DISCRIMINATION IN VIOLATION OF TITLE VII HARASSMENT

42.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1, 3, 5-8, 10, 12-18, and 20-41 above as if fully set forth herein.

43.    Defendant had an ongoing legal obligation to maintain a workplace free of unlawful discrimination.

44.    Mr. Lovitt's conduct constituted harassment against Plaintiff based on her sex.

45.    Mr. Lovitt's harassment was severe or pervasive.

46.    Given the nature of Mr. Lovitt's harassment, Defendant had constructive notice such harassment.

47.    Defendant violated Title VII when it failed to take action to protect Plaintiff from Mr. Lovitt's harassment on the basis of her sex.

48.    As a direct and proximate result of Defendant's discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary damages, including, but not limited to, loss of past and future income, compensation, and benefits, as well as pain and suffering and emotional distress, for which Plaintiff is entitled to an award of damages, attorneys' fees, and costs.

49.    Defendant's unlawful actions constitute bad faith, malicious, willful, and wanton violations of Plaintiff's federally protected rights, for which Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff seeks an order prohibiting the discriminatory practices set forth above, an order awarding front pay, back pay, compensatory damages, pre- and post-judgment interest, damages for emotional distress, punitive damages, attorneys' fees, costs, and any other relief this Court deems just and proper.

## COUNT II: SEX DISCRIMINATION IN VIOLATION OF THE FCRA HARRASSMENT

50.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 2, 4-7, 9, 11, 13-17, and 19-41 above as if fully set forth herein.

51.    Defendant had an ongoing legal obligation to maintain a workplace free of unlawful discrimination.

52.    Mr. Lovitt's conduct constituted harassment against Plaintiff based on her sex.

53.    Mr. Lovitt's harassment was severe or pervasive.

54.    Given the nature of Mr. Lovitt's harassment, Defendant had constructive notice such harassment.

55.    Defendant violated the FCRA when it failed to take action to protect Plaintiff from Mr. Lovitt's harassment on the basis of her sex.

56.    As a direct and proximate result of Defendant's discriminatory conduct in violation of the FCRA, Plaintiff has suffered, and continues to suffer, monetary damages, including, but not limited to, loss of past and future income, compensation, and benefits, as well as pain and suffering and emotional

distress, for which Plaintiff is entitled to an award of damages, attorneys' fees, and costs.

57.    Defendant's unlawful actions constitute bad faith, malicious, willful, and wanton violations of Plaintiff's federally protected rights, for which Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff seeks an order prohibiting the discriminatory practices set forth above, an order awarding front pay, back pay, compensation damages, pre- and post-judgment interest, damages, for emotional distress, punitive damages, attorneys' fees, costs, and any other relief that this Court deems is just and proper.

## COUNT III: SEX DISCRIMINATION IN VIOLATION OF TITLE VII ULTIMATE EMPLOYMENT ACTION

58.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-1, 3, 5-8, 10, 12-18, and 20-41 above as if fully set forth herein.

59.    Defendant had an ongoing legal obligation to maintain a workplace free of unlawful discrimination.

60.    Defendant violated Title VII when it terminated Plaintiff based on her sex.

61.    As a direct and proximate result of Defendant's discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary damages, including, but not limited to, loss of past and future income, compensation, and benefits, as well as pain and suffering and emotional

distress, for which Plaintiff is entitled to an award of damages, attorneys' fees, and costs.

62.    Defendant's unlawful actions constitute bad faith, malicious, willful, and wanton violations of Plaintiff's federally protected rights, for which Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff seeks an order prohibiting the discriminatory practices set forth above, an order awarding front pay, back pay, compensatory damages, pre- and post-judgment interest, damages for emotional distress, punitive damages, attorneys' fees, costs, and any other relief this Court deems just and proper.

### COUNT IV: SEX DISCRIMINATION IN VIOLATION OF THE FCRA ULTIMATE EMPLOYMENT ACTION

63.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 2, 4-7, 9, 11, 13-17, and 19-41 above as if fully set forth herein.

64.    Defendant had an ongoing legal obligation to maintain a workplace free of unlawful discrimination.

65.    Defendant violated Title VII when it terminated Plaintiff based on her sex.

66.    As a direct and proximate result of Defendant's discriminatory conduct in violation of the FCRA, Plaintiff has suffered, and continues to suffer, monetary damages, including, but not limited to, loss of past and future income, compensation, and benefits, as well as pain and suffering and emotional

distress, for which Plaintiff is entitled to an award of damages, attorneys' fees, and costs.

67.    Defendant's unlawful actions constitute bad faith, malicious, willful, and wanton violations of Plaintiff's federally protected rights, for which Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff seeks an order prohibiting the discriminatory practices set forth above, an order awarding front pay, back pay, compensation damages, pre- and post-judgment interest, damages, for emotional distress, punitive damages, attorneys' fees, costs, and any other relief that this Court deems is just and proper.

## COUNT V: RETALIATION IN VIOLATION OF TITLE VII

68.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1, 3, 5-8, 10, 12-18, and 20-41 above as if fully set forth herein.

69.    Plaintiff opposed Defendant's violations of Title VII when she made complaints to Defendant regarding the sex discrimination she experienced in the workplace.

70.    Defendant had an ongoing legal obligation to maintain a workplace free of unlawful retaliation.

71.    Defendant violated Title VII when it retaliated against Plaintiff by terminating her employment because Plaintiff engaged in activity protected by Title VII, specifically, when she reported she was subject to unlawful sex discrimination and harassment in the workplace.

72.   As a direct and proximate result of Defendant's retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary damages, including, but not limited to, loss of past and future income, compensation, and benefits, as well as pain and suffering and emotional distress, for which Plaintiff is entitled to an award of damages, attorneys' fees, and costs.

73.   Defendant's unlawful actions constitute bad faith, malicious, willful, and wanton violations of Plaintiff's federally protected rights, for which Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff seeks an order prohibiting the retaliatory practices set forth above, an award awarding back pay, compensatory damages, pre- and post-judgment interest, damages for emotional distress, punitive damages, attorneys' fees, costs, and any other relief that this Court deems is just and proper.

### COUNT VI: RETALIATION IN VIOLATION OF THE FCRA

74.   Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 2, 4-7, 9, 11, 13-17, and 19-41 above as if fully set forth herein.

75.   Plaintiff opposed Defendant's violations of the FCRA when she made complaints to Defendant regarding the sex discrimination she experienced in the workplace.

76.   Defendant had an ongoing legal obligation to maintain a workplace free of unlawful retaliation.

77.    Defendant violated the FCRA when it retaliated against Plaintiff by terminating her employment because Plaintiff engaged in activity protected by the FCRA, specifically, when she reported she was subject to unlawful sex discrimination and harassment in the workplace.

78.    As a direct and proximate result of Defendant's retaliatory conduct in violation of the FCRA, Plaintiff has suffered, and continues to suffer, monetary damages, including, but not limited to, loss of past and future income, compensation, and benefits, as well as pain and suffering and emotional distress, for which Plaintiff is entitled to an award of damages, attorneys' fees, and costs.

79.    Defendant's unlawful actions constitute bad faith, malicious, willful, and wanton violations of Plaintiff's federally protected rights, for which Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff seeks an order prohibiting the retaliatory practices set forth above, an order awarding back pay, compensatory damages, pre- and post-judgment interest, damages for emotional distress, punitive damages attorneys' fees, costs, and any other relief that this Court deems is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Respectfully submitted this 4th day of October 2024.

**DELEGAL POINDEXTER**
**& UNDERKOFLER P.A.**

*/s/ Alexandra E. Underkofler*
**T.A. DELEGAL, III**
Fla. Bar No.: 892701
Email: tad@delegal.net
Secondary email: office@delegal.net
**JAMES C. POINDEXTER**
Fla. Bar No.: 0116039
Email: james@delegal.net
**ALEXANDRA E. UNDERKOFLER**
Fla. Bar No.: 1018209
Email: alex@delegal.net
424 E. Monroe Street
Jacksonville, Florida 32202
Telephone: (904) 633-5000
Facsimile: (904) 358-2850
*Counsel for Plaintiff*
